■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR STAPLETON, Appellant. [620 NYS2d 275] —Application by the appellant for a writ of error coram nobis to vacate a decision and order of this Court dated May 16, 1994 *(People v Stapleton,* 204 AD2d 580), affirming a judgment of the Supreme Court, Kings County, rendered June 24, 1991, on the ground of ineffective assistance of appellate counsel.

Ordered that the application is denied.

The defendant has failed to establish that he was denied the effective assistance of appellate counsel *(see, Jones v Barnes,* 463 US 745). Bracken, J. P., Sullivan, O'Brien and Joy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONOVAN STERLING, Appellant. [620 NYS2d 14] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hall, J.), rendered December 16, 1991, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered. The facts have been considered and determined to have been established.

We agree with the defendant that the Supreme Court erred in instructing the jury that the defendant's out-of-court statement could not be considered unless its voluntariness were proven beyond a reasonable doubt. The defendant did not contest the voluntariness of his statement, but instead adopted a trial strategy based on its supposed truth. Under the particular circumstances of this case, we conclude that the delivery of the charge in question created a substantial risk that the jury would disregard the statement. Thus, it deprived the defendant of his right to chart his own defense *(see, People v DeGina,* 72 NY2d 768, 776).

We have examined the defendant's remaining contention and find it to be without merit. Bracken, J. P., Lawrence, Friedmann and Goldstein, JJ., concur.